# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CET TENNIS ENTERPRISES, LLC, | ) | |
| an Illinois Limited Liability Company, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | Judge |
| | ) | |
| MICROTECH MACHINE, INC., | ) | Magistrate Judge |
| an Illinois Corporation, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff CET TENNIS ENTERPRISES, LLC, an Illinois Limited Liability Corporation, by its attorneys, for its complaint against Defendant MICROTECH MACHINE, INC., an Illinois corporation, alleges as follows:

## NATURE OF ACTION

1. This action is for infringement of United States Patent No. 8,141,919 (the '919 Patent - EXHIBIT A) ("the Asserted Patent" or "Patent in Suit") under the patent laws of the United States, 35 U.S.C § 1 *et seq*. Plaintiff also asserts claims under 15 U.S. Code §1125 (the Lanham Act), and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*.

## PARTIES

2. Plaintiff CET TENNIS ENTERPRISES (hereinafter "CET" or "Plaintiff") is an Illinois Limited Liability Company with its principal place of business at 1801 Janke Drive, Northbrook, Illinois 60062.

3. Defendant MICROTECH MACHINE, Inc. (hereinafter "MICROTECH") is an

Illinois Corporation, and has its principal place of business at 222 Camp McDonald Rd., Wheeling, Illinois 60090.

## JURISDICTION AND VENUE

4.   This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. and claims pursuant to violation of the Lanham Act (15 U.S. Code §1125 ) and Illinois statute (815 ILCS 510).

5.   This Court has subject matter jurisdiction for the claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  This Court also has jurisdiction pursuant to 15 U.S.C. §1121 and the doctrine of supplemental jurisdiction.  This Court has supplemental jurisdiction over the state law claim under 28 U.S. Code §1367(a) because that claim is so closely related to the Federal Statutory claims that they form a single case or controversy.

6.   Personal jurisdiction over Defendant is proper, as Defendant MICROTECH is an entity with a principal place of business in Illinois and within this District, MICROTECH is conducting business in Illinois and within this District and the wrongful acts by MICROTECH and resulting injury complained of herein occurred in Illinois and within this District.  This includes MICROTECH's activity of advertising, manufacturing, distributing and/or selling products in United States commerce and within this State and District, in violation of Federal and Illinois statutes.

7.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

8.   Plaintiff CET is the owner of the Asserted Patent, United States Patent No. 8,141,919, relating to an innovative structure for a tennis ball hopper assembly.

9.   Plaintiff CET also is the owner of U.S. Trademark Registration No. 3,544,866 for the mark "HOP-A-RAZZI" in association with tennis ball retrieving and storing receptacles (EXHIBIT B), and the owner of the Internet URL "hoparazzi.com."

10.  CET markets products covered by the Asserted Patent, and such products are, and continuously have been, labeled with the number of the Asserted Patent.

11.  The invention of the Asserted Patent provides benefits which include features for conveniently gathering and holding tennis balls that lie on the ground or tennis court.  For example, patent claims are directed to a nestable ball retrieval and storage device that includes a receptacle with a bottom grate with specific structure for gathering balls and a void area, with a handle arranged to extend through the void area when nesting devices together.  This structure is shown in Figure 3 of the Asserted Patent, reproduced at the right.



12.  On information and belief, during the term of the Asserted Patent, Defendant MICROTECH has marketed and sold products covered by one or more claims of the Asserted Patent.  This activity includes MICROTECH's advertisement of products for sale as shown in EXHIBIT C, which depicts images of the infringing ball hopper product marketed and sold by MICROTECH as is reproduced at the right ("the Accused Products").



3

13. On information and belief, MICROTECH's infringing activity of marketing and selling the Accused Products in violation of the Asserted Patent was willful and with knowledge of the Asserted Patent.

14. On information and belief, MICROTECH was aware of the Asserted Patent in relation with being a supplier to CET's products covered by the Asserted Patent.

15. Despite having knowledge of the Asserted Patent, MICROTECH commenced and/or continued to market and sell products in violation of the Asserted Patent and such violation of the Asserted Patent was and continues to be willful.

16. MICROTECH is not, and has never been, licensed under the Asserted Patent, and MICROTECH instead marketed products in violation of one or more claims of the patents in competition with CET, which has caused, and continues to cause, harm to CET.

17. In connection with advertisement of the Accused Products, MICROTECH has made false statements such as "[t]he original concept of marketing these [Accused] Products through HopaRazzi.com is expired."

18. Such statements, associating the Accused Products with CET and/or identifying MICROTECH as the authentic source of the innovative product, are literally false. CET, the owner of the HopaRazzi.com website, is the actual source of the product design and features, and MICROTECH had been a manufacturer for CET.

19. Alternatively, to the extent such statements are deemed correct, the statements mislead and confuse consumers into believing that the Accused Products are authentic goods engineered by CET and/or mislead consumers into believing that MICROTECH is the party that designed the Product and its beneficial features.

20. On information and belief, the Accused Products marketed by MICROTECH are of

inferior quality to pass the standards of a CET product, and at least as early as September 2009 MICROTECH was on notice that the Accused Products are not suitable for sale and/or use because of inferior manufacturing quality, including weak welding joints of the wire cross members of the product.

21. MICROTECH's false and misleading statements made in association with marketing, selling and/or distributing the Accused Products, causes harm, and irreparable harm, to CET.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,141,919

22. As a complete and first ground for relief, CET asserts infringement of U.S. Patent No. 8,141,919 ("the '919 Patent" – EXHIBIT A) entitled "Nestable Ball Retrieval And Storage Device," and realleges and incorporates Paragraphs 1 – 21 of this Complaint.

23. The United States Patent and Trademark Office duly and legally issued the '919 Patent to Christina E. Turdo on March 27, 2012. CET is the rightful owner of the '919 Patent by assignment.

24. The '919 Patent is in full force and effect and is presumed valid under the Patent laws of the United States.

25. MICROTECH has marketed and sold, and continues to market and sell, products which directly infringe one or more claim(s) of the '919 Patent, including advertisement and sale of Accused Products in classified advertisement listings on the Internet in a web site devoted to the sale of tennis equipment, the web site URL being "tennisrackettrader.com."

26. Images of example web pages depicting products offered and sold by MICROTECH in a manner to infringe one or more of the claims of the '919 Patent are provided as EXHIBIT C.

27. CET has been, and is likely to continue to be, damaged by MICROTECH's conduct of marketing and selling the Accused Products.

28. Furthermore, MICROTECH's acts of infringement have been willful and/or in willful disregard of the '919 Patent, as MICROTECH then had knowledge of the '919 Patent and continued its infringing activity.

29. This is an exceptional case because of such willful infringement, and treble damages payable to CET by MICROTECH is warranted.

30. CET has been, and will continue to be, irreparably harmed by MICROTECH's infringement of the '919 Patent.

## COUNT II – FEDERAL UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. §1125(A)

31. As a complete and second ground for relief, CET hereby charges MICROTECH with unfair competition under the laws of the United States, 15 U.S.C. §1051, et seq. ("Lanham Act"), and realleges and incorporates Paragraphs 1 - 30 of this Complaint.

32. On the basis of the conduct described in the foregoing paragraphs, MICROTECH has, in connection with marketing of goods in interstate commerce, used false or misleading description or representation of fact regarding the nature, quality, or characteristics of such goods.

33. MICROTECH's false or misleading representation deceived or is likely to deceive customers of such products, and was made in association with promotion of such goods in interstate commerce.

34. MICROTECH's misleading representation is material to the purchasing decision and CET has suffered and continues to suffer injury, including irreparable injury and damages.

35.  MICROTECH's conduct has been and continues to constitute false advertisement in violation of the Lanham Act, 15 U.S.C. §1125(a)(1)(B), and MICROTECH's conduct has been deliberate or willful false advertisement such that this is an exceptional case and recovery of attorney fees to CET is warranted.

### COUNT III – VIOLATION OF THE ILLINOIS
### UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 ILL. COMP. STAT. 510/2

36.  As a complete and third ground for relief, CET hereby charges MICROTECH with Violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510, et seq., and realleges and incorporates Paragraphs 1 - 35 of this Complaint.

37.  At all times relevant to this case, the Defendant was engaged in commerce and trade in Illinois.

38.  MICROTECH's promotional materials used in commerce include a misrepresentation that their product (specifically, its: ball hopper product) is of a particular standard, quality, or grade, or are of a particular style or model, where in fact the goods are of another.

39.  MICROTECH also has advertised goods in a manner which creates a likelihood of confusion or mistake such that the Accused Products of MICROTECH are associated with CET.

40.  The deceptive acts and practices by MICROTECH include misrepresentation and/or omission of facts relating to the following:

a.  Advertising products with the false and/or misleading statement that "[t]he original concept of marketing these baskets through [CET's website] is expired;"

b.  Misrepresenting that the Accused Products meet the technical specifications of CET's products by statement "[t]o obtain all of the technical details and specifications on the

Product, please visit [CET's] website;"

        c.  Misrepresenting the attributes and/or characteristics of the Accused Products that are advertised as being suitable for use and will have "an extended life."

41. On information and belief, MICROTECH's representations were made with the intent that consumers rely upon such acts.

42. MICROTECH's acts constitute deceptive trade practices in violation of Section 2 of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2(a)(2), (3), (5), (7), (9) and/or (12).

43. As a direct and proximate cause of MICROTECH's actions, CET has been damaged and/or is likely to be damaged.

44. Unless MICROTECH's acts are restrained by this Court, the deceptive business practices will continue and the public and CET will continue to be injured.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff CET TENNIS ENTERPRISES, LLC, prays:

A.      For a judgment that one or more of the '919 Patent claims have been infringed by MICROTECH;

B.      For an injunction against MICROTECH, its officers, agents, servants, employees, attorneys, successors, and assigns, and all others in active concert of participation with MICROTECH, against further infringement of the '919 Patent, pursuant to 35 U.S.C. § 283;

C.      That this Court award damages sustained by CET for the infringement of the '919 Patent, not less than a reasonable royalty, together with prejudgment and post-judgment interest;

D.      For an assessment of costs against MICROTECH;

E.      That the Court assess treble damages against MICROTECH due to its deliberate patent infringement, pursuant to 35 U.S.C. § 284;

F.      That the Court find this to be an exceptional case and that CET be awarded its costs, disbursements, and attorney fees for this action, pursuant to 35 U.S.C. § 285;

G.      For a judgment that MICROTECH's conduct constitutes false advertisement in violation of the Lanham Act, 15 U.S.C. §1125(a);

H.      That this Court award CET recovery of damages for MICROTECH's violation of the Lanham Act.

I.      That this Court find that MICROTECH's false advertisement has been deliberate and willful, such that this is an exceptional case and CET is awarded recovery of attorney fees from MICROTECH.

J.      For an injunction against MICROTECH and its officers, agents, servants, employees, attorneys, successors, and assigns, and all others in active concert of participation with MICROTECH against further false or misleading advertisement.

K.      For a judgment that MICROTECH has violated the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2(a);

L.      That this Court award CET recovery of its costs, disbursements, and attorney fees for this action due to MICROTECH's willful violation of the Illinois Uniform Deceptive Trade Practices Act, and

M.      That this Court award CET such further relief, including preliminary and permanent relief, as the Court deems just and appropriate.

## **REQUEST FOR JURY TRIAL**

CET TENNIS ENTERPRISES, LLC hereby requests trial by jury in this matter for all

issues so triable.

Respectfully submitted,

CET TENNIS ENTERPRISES, LLC

Date: July 14, 2014                     By: s/ Bradley F. Rademaker
                                             Bradley F. Rademaker


                                             Bradley F. Rademaker, Esq.
                                             Jonathan S. Quinn, Esq.
                                             Michael R. Turner, Esq.
                                             **NEAL, GERBER & EISENBERG, LLP**
                                             2 North LaSalle, Suite 1700
                                             Chicago, IL 60602
                                             Telephone: 312-269-8000

NGEDOCS: 2183375.5